## Turnham *et al.* *vs* Turnham *et al.*

CHANCERY.

### Error to the Shelby Circuit.

*Chancery practice. Parties. Proceedings in rem.*

Case 151.

Chief Justice Ewing delivered the opinion of the Court.

June 8.

Joel Turnham and his infant daughter filed their bill in Chancery, impeaching a document which had been admitted to record in the County Court as the will of John

The case stated.

Turnham, deceased, and the judgment of the County Court affirmed in this Court, upon the charge of incompetency in the testator to make a will, and influence exercised over him by his wife. The heirs and devisees of the decedent were made defendants. In the progress of the case some of the defendants, were, on their petition, permitted by the Court to change sides and become co-complainants with the original complainants. An issue was made up, as required by the statute, and a verdict found against the will, and a decree accordingly rendered, setting it aside, after a motion for a new trial had been overruled—and the case has been brought to this Court for revision.

We can perceive no impropriety in the action of the Circuit Court in allowing some of the defendants to change sides in the controversy. They had been made defendants without their consent, and there can be no objection to their being allowed to change their attitude in the cause, so as to be placed on the side of their interest.

But it is objected that the proper parties were not before the Court. It appears that John Turnham, Jr. the son of the decedent, had married and died without issue, after the death of his father, and that his widow had married a Doctor Kotch, both of whom were living. The administrator or other representative of John Turnham, Jr. is not made a party, and though his widow and her second husband are made defendants, it does not appear that process has been served on them, or that they have appeared to the suit. Mildred Turnham is also made defendant, as one of the heirs of John Turnham, Sr. deceased, and process has not been served on her, nor has she appeared to the suit.

Though this is in the nature of a proceeding *in rem*, and the decree is certainly a *decree in rem*, the action of the Court being directly on the will and not on the parties, which is, in the general, binding upon all persons, whether they are parties or not, yet as the interest of individuals, though incidentally, may be seriously affected by the decree, it is certainly the safer practice, and that which is best calculated to afford protection to the rights of all concerned, and most consistent with the accustomed

*In a contest, involving the question of the due execution of a will, &c. it was not improper in the Court to permit some of the parties who had been made defendants to change sides and become complainants with the original complainants.*

*Thro' proceeding by bill in Chancery to set aside a will is a proceeding in rem, yet all persons interested should be brought before the Court.—*

modes of proceeding in Chancery, (which is the tribunal provided by the statute for this proceeding,) to bring all persons interested before the Court; and for the omis sion to do so, as to any persons whose interest is *prejudiced* by the decree, it is a good ground for reversal in this Court, whose province and duty it is to correct the errors in practice as well as principle, in the inferior tribunals; and so this Court determined in the case of *Jos. Rogers' will*, (1 *Ben. Monroe*, 390.)

But it appears that the decree in this case, setting aside the will, is obviously for the benefit of all those who were not brought before the Court; they cannot, therefore, be said to be *prejudiced* by the decree: but Elsey, the widow, to whom all the property was left during her life, with the power to use and dispose of it at her discretion, was prejudiced, and she and her son, Josephus, were before the Court and made defence. Shall they be permit. ted to reverse the decree upon the ground that others were not before the Court, who have not been prejudiced, and who, had they been before the Court, would most likely, judging from their interest, have united their efforts with others in resisting the establishment of the will? We cannot feel at liberty, in a proceeding like this, to carry the rule of practice so far; to indulge in it would be to indulge in a technical practice, in no wise calculated to secure the ends of justice. Consistent with this view was the intimation of this Court in the case of *Rogers' will, supra.*

Perceiving no objection to the verdict of the jury, rendered upon the evidence *before them,* though the will was sustained by this Court, upon a different state of prepara- tion, the decree of the Circuit Court must be affirmed with costs.

*Crittenden* for plaintiffs: *Graves and Wilson* for de- fendants.

TURNHAM *et al.*
*vs*
TURNHAM *et al.*

—But this Court will not reverse, at the instance of one who is loos- er by a decree, that another may be made a party, who is evidently benefited by the decree, but who is not asking a reversal.