## M. L. Powell, et al. v. J. Frank Powell, et al.

## M. L. Powell, et al. v. Molly Powell, et al.

(Decided November 20, 1917.)

### Appeals from Livingston Circuit Court.

Appeal and Error—Although we are not sure that the action of the lower court in entering a judgment was not correct, we will order a new trial, in view of the fact that a great injustice might be done if the judgment were permitted to stand.

BERRY & GRASSHAM, C. C. GRASSHAM, WILSON & WELLS and W. A. BERRY for appellants.

CHARLES FERGUSON and W. I. CLARK for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing in each case.

J. W. Powell died testate in Livingston county, and his will was duly probated in the Livingston county court. Shortly thereafter, and on April 4, 1916, his children filed in the Livingston circuit court a petition in equity against the executors of the decedent, in which was set out at considerable length the facts tending to show that the decedent, at the time he executed the will, was mentally incapable of disposing of his property and was unduly influenced to make the disposition of it that he did. The prayer of the petition was that the paper purporting to be his will be adjudged null and void; that they be adjudged entitled to his estate, and that the executors be restrained from exercising any authority as such. The will and the order of court probating it were filed with the petition as exhibits.

It also appears that on April 13, 1916, the executors named in the will filed their petition in the Livingston circuit court against the widow and children, setting out the probate of the will and their appointment and qualification as executors, and praying for a construction of the will and other proper relief.

After this the attorneys for the executors filed special and general demurrers to the petition in equity; and at the September term of the court following the filing of these suits, the court overruled the demurrers and further held that the petition in equity filed by the children should be treated as an appeal to the circuit court from the order probating the will, and it was further ordered that the suit by the children and the suit by the executors should be consolidated.

The record shows that at the same term of the court that the will contest case, which the court had ruled the petition in equity filed by the children to be, came on for trial, the executors elected to stand by the demurrers and declined to introduce any evidence, and thereupon it was adjudged by the court that the order of the Livingston county court probating the will be set aside as of no force and effect, and that the paper purporting to be the will of J. W. Powell was not, in fact, his will. The suit filed by the executors was also dismissed. From these orders and judgments of the court these appeals are prosecuted by the executors.

Of course, a will duly executed and admitted for probate in the county court cannot be attacked in the circuit court in a petition in equity, and it might appear that this is what the children attempted to do by their petition in equity, although the lower court treated the petition as an appeal by the children from the order probating the will. We are not so sure that the trial judge did not take the right view of the matter, but in view of the fact that if his ruling is permitted to stand the order probating the will will be set aside and the paper purporting to be the will treated as a nullity without any trial of the issue of undue influence or mental incapacity attempted to be set up as grounds of contest, we are disposed to hold that the ruling of the trial judge should be treated as error.

Wherefore, the judgment declaring the paper probated not to be the will of J. W. Powell, is reversed, as is also the judgment dismissing the suit of the executors, and it is so ordered; but on a return of the case the lower court may treat the petition in equity as an appeal from the order of the county court probating the will and proceed under it as if an appeal had been regularly prosecuted. The court will also set aside the order consolidating the suit by the executors with the will contest

case, in order that the suit by the executors may be properly disposed of when the will contest case is ended. The executors will pay the costs in this court in both cases.