## Henry v. Spurlin et al.

Feb. 21, 1939.

WILLIAM J. BAXTER, Judge.

HARVEY T. LISLE and J. F. WINN for appellant.

JOHN NOLAND and S. D. PARRISH for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

If an agreed judgment entered in a proceeding contesting the will of W. A. Williams is void, the judgment appealed in this case must be reversed; otherwise it should be affirmed.

When written in 1912, the principal portion of his will read as follows:

"I will, bequeath and devise to my beloved wife, Mary A. Williams, all of my property, real and personal, to be hers absolutely. It is my desire and I request that if I predecease her, then before her

death she make a will giving to her people one-half (½) of my property and to my people the other one-half (½)."

When offered for probate in the Madison County Court in 1929, each line of the last sentence was marked out in ink and the endorsement added, "The above lines mark out. By W. A. Williams, Nov. 1, 1922." The county court probated the will with this sentence eliminated as having been revoked, so that all the testator's estate was devised to his wife absolutely. About a year later the heirs of W. A. Williams filed in the circuit court a "petition" against the widow, individually, and as executrix of her husband's estate. They were designated "plaintiffs" and she "defendant." This pleading alleged that "the paper and alterations as probated" was not the last will and testament of W. A. Williams. Appropriate references were made to the order of probate in the county court. With elaboration, it was charged that the testator did not have mental capacity sufficient to make the will; that he was unduly influenced by his wife; that the alteration was not made or directed to be made by him and was made by the defendant or others conspiring with her. It was prayed that the paper be set aside, together with the alteration and cancellation, and declared not to be the will of W. A. Williams. In her capacity as executrix and individually Mrs. Williams filed an answer traversing the allegations of the petition. At the next term of court an "amended petition" was filed in which the "plaintiffs" specifically withdrew from the "petition" all of the allegations of undue influence and those referring to the alteration. The pleas that the document was not Williams' will and that he was mentally incapacitated were not withdrawn. On the same day there was entered a judgment in which it is recited that the parties had agreed that the proceeding should be and "it is dismissed settled" and that the words which had been lined out were a part of the will; that by consent the order of probate "to the extent that it adjudges that those words are not a part of said will is reversed and annulled." The judgment directs the clerk to certify a copy of it to the county court clerk who is directed to make proper record as therein specified. This order was signed by the attorneys for the plaintiff, by Mrs. Williams, individually, and by her as executrix, and by "J. M. Benton, attorney for defendant." On the same day an order

was entered noting the withdrawal of Burnam & Green-leaf as counsel for the defendant.

Later Mrs. Williams was adjudged to be of unsound mind. Her committee filed a suit for a declaratory judgment construing the will as thus probated by the circuit court. It was finally construed to devise a life estate to the widow with the remainder divided between her heirs and testator's heirs. Williams v. Williams' Committee, 253 Ky. 30, 68 S. W. (2d) 395. The widow died in 1936, and about a year later her will was probated. She devised all of her estate to her grandnephew, Garnett B. Henry. Meanwhile, G. R. Spurlin and others had purchased at a judicial sale land which had belonged to W. A. Williams. Henry then brought this action in ejectment, claiming title and the right of possession thereto as the devisee of Mrs. Williams. The pleadings eventually raised issues of whether the judgment in the contest proceeding is void or valid, and whether the plaintiff is estopped to maintain this action. The circuit court decided the case upon the pleadings and dismissed the petition. The plaintiff appeals.

Appellant's arguments, supported by his pleadings, in their essence are: (1) The judgment of the county court probating the will with the devise over eliminated is conclusive and could not have been set aside by an ordinary action at law, such as had been prosecuted in the circuit court; that parties could not confer jurisdiction by agreement, hence the procedure was coram non judice, and the judgment modifying the will as probated in the county court is void; and (2) that the will could not be set aside by the mere agreement of the beneficiaries.

There can be no question that the Statute of Wills (Kentucky Statutes, Section 4824 et seq.) is complete and that a judgment of probate in a county court having jurisdiction is conclusive unless set aside on an appeal to the circuit court in accordance with the prescribed mode. Patton v. Sallee, 159 Ky. 285, 166 S. W. 1004; Tackett v. Tackett, 204 Ky. 831, 265 S. W. 336; Central Trust Company v. Bennett, 208 Ky. 281, 270 S. W. 821; Moore v. Shifflett, 208 Ky. 461, 271 S. W. 551. A contest of a will, denominated as an appeal, is a special proceeding in rem, reexamining the reality of the instrument, but since the statute requires that interested persons be made parties it is given the character of an

action inter partes. Turnham v. Turnham, 42 Ky. 581, 3 B. Mon. 581; 28 R. C. L. 394. Like the original probate proceeding in the county court, it is not exactly a civil action in the strict or technical sense, but is a judicial inquiry, operating in the nature of an appeal from the order of probate in the county court. 28 R. C. L. 367; 68 C. J. 926, 936. It is not cognizable in a court of chancery because the powers of a court of law, defined by the probate statutes, are ample. 28 R. C. L. 396; 68 C. J. 367, 942; Powell v. Powell, 177 Ky. 802, 198 S. W. 220.

It is upon such general propositions of law that the appellant rests his argument that since the contest of the Williams will was by a "petition" with the parties designated as "plaintiffs" and "defendants" it was an ordinary action at law and not an appeal; therefore, the court was without jurisdiction, and, having no power to enter the judgment, even by consent of the parties, it is a nullity. We think the conclusion attaches too much weight to nomenclature and form. The substance of the pleading presented in the usual and a sufficient form an appeal from the county court's order of probate and clearly was a contest of a will upon stated grounds. Our statutes (Section 4850) merely provide that: "An appeal may be taken from the county court to the circuit court * * * from every judgment admitting a will to record or rejecting it." Section 4859 calls this a "proceeding" in requiring that all necessary parties shall be brought before the court and permitting a trial by a jury. Though the statutes give the right of appeal they do not say how it shall be taken and designate no particular mode or form. While the Civil Code of Practice (Section 724) prescribes the method and procedure to be followed generally in prosecuting an appeal from judgments of the county court and other tribunals to the circuit court, it has been held several times that an appeal in a will contest is not embarrassed by the observance of those restrictive provisions. Gibson v. Crawford, 259 Ky. 708, 83 S. W. (2d) 1. The silence of the statutes as to form or method permits prosecution to be according to the "mode adopted * * * or practice sanctioned for many years." Pryor v. Mizner, 79 Ky. 232; Williams' Ex'r v. Williams, 90 Ky. 28, 13 S. W. 250, 11 Ky. Law Rep. 828; Tinker v. Ringo, 11 S. W. 605, 11 Ky. Law Rep. 120. As stated in the Williams case: "Technical strictness should not be required." In Gibson v.

Crawford, supra, a contest proceeding was styled "petition" and, as in the instant case, the pleading set forth all the essentials of an appeal. The form of the proceeding was directly questioned therein. We held it sufficient. In Jones v. Jones, 60 Ky. 266, 3 Metc. 266, quoted in the Gibson case, and Powell v. Powell, supra, the appeals or proceedings in the circuit court were styled as petitions in equity. This court held that the substance and purpose of the pleadings controlled and not their style, and that the cases had been properly treated as appeals to the circuit court from the orders probating the wills. The petition in the instant case was so treated by all the parties. Mrs. Williams, as the defendant, might have questioned the form, but she did not. The appellant, though not an heir, as her devisee, is in privity with her. Since the court had jurisdiction of the subject matter and of the parties, it is an extreme view to say that because of the form or style of the pleading the circuit court had no power to determine the case and that the judgment is void and may be successfully attacked collaterally. We think the judgment valid and the appellant is bound by it.

The appellant relies upon authorities of foreign jurisdictions which sustain in whole or in part his second proposition, namely, that a will made and probated in accordance with the statutes may not be set aside by the agreement of the beneficiaries. See 28 R. C. L. 357. But we have aligned ourselves with the majority of the courts in holding that an agreement by all heirs that a will should not be probated, so there could be an equal distribution of the estate among themselves, is valid and binding. Brakefield v. Baldwin, 249 Ky. 106, 60 S. W. (2d) 376. It is not uncommon for parties to compromise and agree upon the settlement of a will contest by modifying or setting aside a will. Worthington's Ex'r v. Worthington's Devisees, 35 S. W. 1039, 18 Ky. Law Rep. 215; Campbell v. Simmons, 138 Ky. 302, 127 S. W. 1005; Asbury v. Asbury, 218 Ky. 707, 292 S. W. 311; Walker v. Irvine's Ex'r, 225 Ky. 699, 9 S. W. (2d) 1020; Annotation 81 A. L. R. 1187.

We think the agreed compromise judgment valid.

Accordingly, the judgment is affirmed.