[No. 13743.  Department One.  June 15, 1917.]

E. T. TRIMBLE, *Appellant*, v. H. A. DONAHEY *et al.*,
*Respondents.*[1]

DESCENT AND DISTRIBUTION—REAL ESTATE—DEVISEES. Under Rem.
Code, § 1366, upon the death of a testatrix, the title to real estate
vests immediately in the devisee.

FRAUDS, STATUTE OF — CONTRACT RELATING TO LAND — BREACH —
REMEDIES. Where specific performance of a contract, void under the
statute of frauds, will not be decreed, an action for damages for
breach will not lie.

SAME—CONTRACT RELATING TO LAND—WILL AFFECTING TITLE. An
oral agreement that a will devising real estate shall not be probated,
but should be treated as destroyed as directed by the testatrix,
whereby the title of a devisee in possession would be divested, is
void under the statute of frauds, although it does not refer specifically
to real estate.

SAME—PERFORMANCE—SUFFICIENCY. There is no part performance
of such an oral agreement sufficient to take it out of the operation
of the statute of frauds, from the fact that there was a consideration
therefor in the waiver of the right to contest the will and in the
avoidance of family litigation.

SAME. The joining in a petition for the appointment of an ad-
ministrator pursuant to the terms of the oral contract, would not be
a sufficient part performance, where the petition alleged that the will
was destroyed prior to the death of the testatrix, and there has been
neither a writing nor possession of property taken in pursuance of
the contract.

ESTOPPEL — IN PAIS — CHANGE IN SITUATION. A devisee is not
estopped to deny the validity of an oral contract not to probate the
will, where every right to contest the will existed when it was offered
for probate the same as at the time the oral contract was made.

Appeal from a judgment of the superior court for Whit-
man county, McCroskey, J., entered June 30, 1916, upon
sustaining a demurrer to the complaint, dismissing an action
for specific performance.  Affirmed.

[1]Reported in 165 Pac. 1051.

E. T. Trimble, John Pattison, and F. L. Stotler, for appellant.

Hanna & Hanna, for respondents.

MAIN, J.—The purpose of this action was either to enforce specific performance of a contract relating to real estate or damages for the breach thereof. To the amended complaint, which will hereafter be referred to as the complaint, a demurrer was interposed and sustained. The plaintiff refused to plead further, and a judgment was entered dismissing the action. From this judgment, the appeal is prosecuted.

The facts alleged in the complaint, stated in a somewhat abbreviated form, are as follows:

Rebecca A. Donahey died in Whitman county on the 2d day of June, 1908, leaving an estate consisting of real and personal property. The deceased left surviving her, as her only heirs, two sons, E. T. Trimble (appellant) and H. A. Donahey (respondent). On the 10th day of May, 1905, the deceased made and executed a nonintervention will, by the provisions of which the whole of the estate was devised and bequeathed to Donahey, except the sum of one dollar to Trimble. The will, and the contents thereof, were well known to Donahey, who, at the time of its execution and until the death of the testatrix, resided with her. On the 22d day of May, 1908, the deceased, who was then over eighty-one years of age, feeble, and confined to her bed by her last illness, directed one J. W. Cairns, who was then present at her bedside, to procure the will and destroy it. Cairns made known to Donahey, who knew of the place in which the will was kept, the request of the deceased regarding the will, and directed Donahey to produce the will for destruction. Donahey and Cairns there conspired together and agreed to defeat the expressed wish of the testatrix, and Cairns thereupon, in the presence of the deceased and Donahey, burned and destroyed

another paper, and informed the deceased that he had completely burned and destroyed the will. After the death of the testatrix, Donahey called the attention of Trimble to the existence of the will, and Trimble then informed Donahey that, by reason of the undue influence used over the deceased at the time of her making the will, and the fraud practiced by Cairns and Donahey in deceiving the deceased regarding the destruction thereof, he (Trimble) would contest the same if produced for probate. On the 8th day of June, 1908, Donahey, voluntarily and of his own motion and free will, and in consideration of avoiding a contest over the will and a family controversy, entered into an oral contract with Trimble in which it was agreed by and between them that the will should not be presented for probate, but should be treated as destroyed, according to the expressed command and understanding of the testatrix. The oral agreement there made was to be executed at once, and the parties thereto joined the petition for the probate of the estate as though the testatrix had died intestate, and they agreed that Cairns should act as administrator. In making the agreement for the administration of the estate, it was understood that the whole of the estate should be thus administrated upon and distributed according to the law, each receiving half thereof. The petition for the appointment of Cairns as administrator contains an allegation as follows:

"That on the 10th day of May, A. D. 1905, said deceased made and executed her last will and on the 30th day of May, 1908, said deceased revoked and destroyed said will and said deceased died intestate."

Attached to the petition, and forming a part thereof, was the following:

"Come now E. T. Trimble and H. A. Donahey, sole and only heirs of Rebecca A. Donahey, deceased, and each waives his right to administer upon said estate of Rebecca A. Donahey, deceased, and state that they have read the foregoing petition and join therein and request that the prayer of said

petition be granted and that said J. W. Cairns be appointed
administrator of said estate.                    E. T. Trimble,
                                          "H. A. Donahey."

On the 8th day of June, 1908, Cairns filed a petition for ap-
pointment as administrator, and thereafter was appointed and
duly qualified as such.  On the 1st day of September, 1908,
and after letters of administration had been issued to Cairns,
Donahey, disregarding the agreement entered into and in
violation thereof, filed a petition for the probate of the will
and for the revocation of the letters of administration there-
tofore issued.  On the 29th day of March, 1909, the superior
court admitted the will to probate and revoked the letters of
administration.  The estate consisted of personal property
of a specified value and certain described real estate of an
alleged value.  Ever since the death of the deceased, Donahey
has been in possession and control of the real and personal
property.  Donahey voluntarily entered into the agreement
with Trimble, and joined in the petition for the appointment
of Cairns as administrator of the estate.  By reason of the
breach of the agreement by Donahey, Trimble has been dam-
aged in the amount stated.

The prayer of the complaint is that Trimble be decreed to
be the owner of one-half of the real and personal property,
and in the event that such property cannot be conveyed to
him, that he have and recover damages in the sum of $2,567,
and the value of the rents and profits.

The original complaint was filed on the 18th day of April,
1911.  The cause of action there stated is the same as that
stated in the amended complaint, which was filed on the 13th
day of March, 1914.

The first question is whether the oral agreement pleaded
relates to real estate in such a way that it is controlled by
the statute of frauds.  From the facts stated, Donahey, from
the date of his mother's death and until the filing of the com-
plaint, had been in possession of the real estate.  Under the
law, the title thereto vested in him, as devisee, immediately

upon his mother's death. Rem. Code, § 1366; *Murphy v. Murphy,* 42 Wash. 142, 84 Pac. 646.

It is contended, however, that the oral agreement does not relate to real estate in such a way as to be void under the statute of frauds, because the agreement as alleged provided that the will should not be presented for probate, but should be treated as destroyed. The effect of the agreement, if sustained, would be either to divest the title which had already vested in Donahey and transfer the same to Trimble, or give damages for the breach thereof. Where a contract, void under the statute of frauds, will not be specifically enforced, an action for damages for breach thereof will not lie. This is a proposition so well understood and generally accepted as to make the citation of authorities in its support unnecessary. While the contract does not refer specifically to real estate, yet, from the facts alleged, it is obvious that, if the contract were sustained, it would result in sustaining an oral contract for the transfer of the title to real estate, or an action for damages for breach thereof. Looking to the substance and not to the form, it seems clear that the contract is one that relates to real estate in such a way as to be void under the statute of frauds.

The next question is whether there has been a sufficient part performance to remove the bar of the statute. The part performance relied upon is the consideration for the contract, and that Donahey joined in the petition for the appointment of an administrator. The consideration was (a) the waiver of Trimble's right to contest the will because of the alleged undue influence and the fraud in preventing its destruction, and (b) the avoidance of litigation between members of the same family. It may be here admitted that, if the contract complied with the requirements of the statute of frauds, it was binding and enforcible, but the fact that there may have been a good consideration for the agreement is not alone sufficient to take the case out of the statute. The fact that Trimble may have surrendered a valuable right is not suf-

ficient. Indeed, if the full consideration had been paid in cash, the contract would still have been void under the statute, and neither an action for specific performance nor for damages would lie, but only a right to recover the money paid. *Swash v. Sharpstein,* 14 Wash. 426, 44 Pac. 862, 32 L. R. A. 796.

It cannot be said that the joining in the petition for the appointment of the administrator was in part performance of the contract sufficient to remove the bar of the statute, because the petition does not refer to the contract, but alleges as a fact that the will was made and destroyed prior to the death of Mrs. Donahey. The will was not destroyed. No case has been called to our attention holding that part performance will remove the bar of the statute when there has neither been a writing nor possession of the property taken in pursuance of the contract.

It cannot be said that Donahey is estopped from denying the validity of the oral contract, because every right which Trimble had to contest the will existed at the time that the petition for the probate thereof was filed, the same as at the time of the making of the oral agreement. In other words, when Donahey breached the oral agreement, Trimble had the right to contest the will because of the alleged fraud which prevented its destruction, or the claimed undue influence which induced its making.

A number of authorities are cited by the appellant wherein agreements between heirs to take according to the law, instead of according to the last will and testament of the parent, had been sustained, but in each one of the cases, with two exceptions, the contract was in writing, and consequently the statute of frauds was not involved.

In *Phillips v. Phillips,* 8 Watts (Pa.) 195, the contract was oral, but that case is distinguishable. There, there was an agreement among the heirs to destroy the will, and in pursuance of this agreement, the will was actually destroyed. Thereafter the chief beneficiary desired to probate the will

and prove its contents by oral testimony. It was there held that, since he had voluntarily participated in the destruction of the will, he would be estopped from proving its contents by oral testimony. In the present case, there was no destruction of the will, and consequently in probating it there would be no resort to oral testimony as to its contents. In *Bellows v. Sowles,* 55 Vt. 391, 45 Am. Rep. 621, a certain heir, who was threatening to wage a contest against a will, agreed with the chief beneficiaries thereunder that he would abandon the contest in consideration that he be paid the sum of five thousand dollars. In that case, the contract had no relation to real estate, and was, therefore, not affected by the statute of frauds.

The judgment will be affirmed.

ELLIS, C. J., PARKER, MORRIS, and WEBSTER, JJ., concur.