## Fidelity and Columbia Trust Company, Trustee v. Gwynn.

### (Decided January 27, 1925.)

### Appeal from Jefferson Circuit Court
### (Chancery Branch, Second Division).

1. Trusts—Trust Created to Protect Cestui Que Trust in Ill Health Properly Cancelled Upon His Regaining Health.—Where delivery of estate to trustee to hold in trust for settlor was prompted by fact that he had been subject to attacks of epilepsy, but settlor was subsequently apparently restored to health, held that as cause prompting creation of trust had ceased to exist, cancellation of trust was proper.

2. Trusts—Parol Evidence Held Admissible to Establish Purpose for which Trust Created.—Where settlor of a trust is living and he is also sole cestui que trust, in proceeding to cancel trust, parol testimony is admissible to establish purpose for which trust was created.

TRABUE, DOOLAN, HELM & HELM for appellant.

THOMAS J. WOOD for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—Affirming.

On November 14, 1921, appellee, Joseph K. Gwynn, delivered to appellant, Fidelity and Columbia Trust

Company, as trustee, $24,000.00 in cash to be held by it under the terms of a trust agreement, which empowered the trustee to manage and invest the money, and required it to pay him the net income therefrom in monthly installments during his life. The trust agreement contained this further provision:

> "Upon the death of the party of the first part, this trust shall cease and the estate shall pass in accordance with the last will of the party of the first part. Should the party of the first part fail to exercise said right of testamentary disposition, the principal of the trust estate shall pass unto the heirs of the party of the first part as determined by the laws of the state of Kentucky then in force."

It did not reserve to the settlor the right or power of revocation or by its terms assign any reason for the creation of the trust. By this proceeding, had by virtue of and pursuant to the provisions of the declaratory judgment law, a cancellation of the trust is sought by appellee upon the ground that the execution of the trust agreement was procured by undue influence; that the purpose for which the trust was created has been accomplished; and that he, the settlor of the trust, having voluntarily created it for his own benefit, no one else being interested, has the right to have the same cancelled at any time.

The chancellor adjudged a cancellation of the trust upon the ground that the purpose for which it was created no longer exists and that, therefore, the trust should be cancelled; but adjudged that the trust agreement was not procured by undue influence, and that the settlor of a trust who is also its sole beneficiary can not have it cancelled at any time upon his application. An appeal by the trustee and a cross-appeal by the settlor and *cestui que trust* have been prosecuted from that judgment, presenting to us three questions: (1) Was the execution of the trust agreement procured by undue influence? (2) Did the chancellor properly adjudge that the purpose for which the trust was created had been accomplished and that, therefore, the trust should be cancelled? (3) Has one who voluntarily creates a trust for his own benefit, in a case where no one else has or takes any beneficial interest under the trust agreement, the right at any time to cancel and annul the trust?

That the execution of the trust agreement was procured by undue influence is not urged for appellee on his cross-appeal, and we will consider that question as being waived. The chancellor's judgment as to it is undoubtedly correct.

Appellant insists that the chancellor erroneously adjudged that the purpose for which the trust was created had been accomplished and that, therefore, it should be cancelled. The principle of law that the parties interested may have a trust cancelled when the purposes for which it was created have been accomplished seems everywhere to be recognized. Perhaps the principle has been given a wider application than was contemplated when it was first established. The principle seems originally to have been enunciated in cases where property was deeded to a trustee as security for the debts of the settlor of the trust, and upon the payment of the debts the purpose for which it was created having been accomplished and reason no longer existing for its continuance, consequently it was held that the settlor of the trust was entitled to its cancellation and a reconveyance of the property embraced in the trust. Other kindred situations calling the principle into use might be cited. The field covered by the principle has been gradually broadened until now it seems to be recognized under certain circumstances as broad enough to cover spendthrift trusts and such trusts as unfortunate habits and ill health upon the part of the *cestui que trust* have caused to be created. A number of cases in Kentucky have recognized the principle as applying to trusts created for the protection of spendthrifts and those possessed of ill health or unfortunate habits. The principle seems to be well established in this court that where the moving cause for the creation of the trust was to protect the *cestuis que trustent* from the consequences of ill health, unfortunate habits or improvidence, when the cause no longer exists the reason for the trust ceases and its cancellation will be decreed. (See Avery's Trustee v. Avery, 90 Ky. 613; Middleton v. Shelby County Trust Co., 21 Ky. L. R. 183, 51 S. W. 156; Anderson v. Kemper, 116 Ky. 339; Downs v. Security Trust Co., 175 Ky. 789, 194 S. W. 1041.) Applying that principle to the facts of this case, we find that the trust agreement itself does not disclose what motive prompted appellee to deliver his estate to appellant to hold in trust for him. It is agreed by the parties, however, that he was prompted to

do so because for a number of years he had been subject to attacks of epilepsy, the frequency and severity of which seem to have increased as time passed until as a result of his ailment appellee was unable to engage in business, his physical condition became greatly impaired and his soundness of mind was seriously threatened. It is agreed that appellee was thereby moved to deliver his estate to appellant as his trustee and to execute the trust agreement in question. It appears from the record herein that for a period of three years prior to the institution of this proceeding appellee had not had an attack of epilepsy; that for more than two years he had been actively engaged in business for himself; and that he now apparently is completely restored in health. Under these facts, the chancellor adjudged that the reason for which the trust was created no longer existing and no one being interested save appellee, who is both the settlor and the *cestui que trust*, he is entitled to its cancellation. It is obvious from the record that appellee's ill health moved him to create the trust. It seems equally obvious that the cause no longer exists. Under these circumstances, in view of the principle above enunciated, long recognized in this court, we hold that the chancellor properly adjudged a cancellation of the trust for the reason above. The admission of parol testimony in this case to establish the purpose for which this trust was created is not in conflict with the rule laid down in Carpenter v. Carpenter, 119 Ky. 582, that parol evidence cannot be introduced to show the settlor's motive where it was not expressed in the trust paper. In that case the trust was created by will; the settlor of the trust was dead. Here the settlor of the trust is living and he also is the sole *cestui que trust*.

It is insisted by appellee on cross-appeal that, since he is both the settlor and the *cestui que trust* and no other beneficial interest or estate in the property placed in trust was created by the trust agreement, he has the right at any time to have the trust cancelled and annulled. The trust agreement provided that the trust should terminate upon the death of the appellee. The provision for the disposition of the trust estate upon his death quoted above clearly does not create any further beneficial interest or estate in the trust property. Appellee alone by the trust agreement was granted a beneficial interest in the trust estate. Consequently, the only

person in interest, so far as this trust agreement is concerned, seems to be appellee, Joseph K. Gwynn, since he is both the settlor and the *cestui que trust.* There seems to be a generally recognized principle that a trust may be revoked at any time by the consent of all the interested parties, and the "interested parties" seem to have been held to be the settlor and the *cestuis que trustent.* It seems never to have been regarded as necessary to procure the consent of the trustee. It is said in Perry on Trusts, section 920: "A trust will not be continued merely that the trustee may continue to receive compensation from it. If the *cestuis* desire its termination it will not be maintained for the benefit of the trustee." It would seem logically to follow that where the settlor of the trust voluntarily places his estate in trust for his benefit alone, making himself the sole *cestui que trust,* regardless of the reason for his so doing, or whether the reason continues to exist or not, he should at any time have the right to demand its cancellation. However, that right does not seem heretofore to have been recognized by this court, for in Middleton v. Shelby County Trust Co., 21 Ky. L. R. 183, 51 S. W. 156; Coleman v. Fidelity Trust & Safety Vault Co., 28 Ky. L. R. 1263, 91 S. W. 716, and Downs v. Security Trust Co., 175 Ky. 789, the right of the settlor who was also the *cestui que trust* to cancel the trust was denied in cases where he alone took an interest under the trust agreement. Regardless of the general rule above, the court in those cases seems to have been actuated by the particular facts presented. The question being presented to a court of equity under particular facts that made it manifest that the best interests of the beneficiary demanded that the trust remain in force, in each of those cases the court declined to cancel the trust. In the Coleman case, *supra,* the question was squarely presented because there the settlor and sole *cestui que trust* were one and the same and he contended that he had the right for that reason to annul the trust at any time. The right was denied.

However, as the question is presented by this appeal it seems unnecessary to determine it. Appellant has under the other rule been granted all necessary relief. Its decision would be only to settle an abstract question of law.

The judgment of the court below is affirmed on both the appeal and the cross-appeal.