### Brakefield v. Baldwin et al.

(Decided May 9, 1933.)

O. P. ROPER and OSCAR M. SMITH for appellant.
COLEMAN TAYLOR and E. J. FELTS for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Reversing.

Albert Baldwin, a resident of Logan county, died testate in 1931. He left surviving as his only children and heirs at law a son, Tom Baldwin, and two daughters, Mrs. Lizzie Carter and Mrs. Johnnie Brakefield. On August 18, 1931, the children of decedent met at the Bank of Allensville in that county and entered into the following agreement:

"Allensville, Ky. Aug. 18, 1931.

"We, the undersigned heirs of Albert Baldwin, Deceased, met this day for the purpose of seeing if the said Albert Baldwin had a will at the bank, and we found the envelope, with the name of Albert Baldwin Will, and we the heirs of the said Albert Baldwin, met and all agreed not to probate said will, but destroy the said will, which we did, and the said estate to be equally divided after all debts are paid, between the only heirs of the said Albert Baldwin, deceased, namely Tom Baldwin, Lizzie Carter and Johnnie Brakefield.

"We, the undersigned, heirs also have agreed for Tom Baldwin to be appointed administrator, and we do hereby request you to appoint Tom Baldwin as Administrator of the said Albert Baldwin, deceased.

"Tom Baldwin
"Lizzie Carter
"Johnnie Brakefield.
"Wit. Sign. J. L. Linton.   J. L. C. C."

Thereafter Tom Baldwin filed a petition in the Logan county court against his sisters and their husbands, alleging that in 1929 Albert Baldwin had a will prepared which was duly executed and left at the bank

of Allensville for safe-keeping, but that after the death of the testator the will was wrongfully and unlawfully destroyed. The petition set forth at length the alleged substance of the will and filed as an exhibit a purported copy thereof.

By answer Mrs. Brakefield and her husband denied the material allegations of the petition, and by a second paragraph set up the agreement entered into between the heirs of testator in bar of plaintiff's right to offer or have the alleged will probated.

On final hearing it was adjudged that Albert Baldwin died testate, that the paper offered for probate as a copy of his will was a true and correct copy, and that same be probated as his last will and testament. The will in substance provided that, after the payment of testator's debts, burial expenses, and the erection of a suitable monument at his grave, his executor pay to his daughter Johnnie Brakefield the sum of $350, and that the remainder of his estate be equally divided between Tom Baldwin and Lizzie Baldwin Carter.

At the termination of the probate proceedings, Mrs. Brakefield instituted this action in the Logan circuit court against Tom Baldwin and Mrs. Carter. After setting out the foregoing facts in the petition, she alleged that the contract and agreement was entered into between her and defendants because it was determined by them as his only children and heirs that, in the event his estate was not equally divided among them, his will would be contested, and, in order to save his estate the expense and delay incident to litigation and to preserve harmony, that the will be ignored and not probated and the estate divided according to the agreement; that, after the payment of all debts and expenses as provided in the will, the net value of the estate is $4,720, and under the agreement she is entitled to $1,573.33 thereof; that pursuant to the agreement, and in order to carry out its terms and provisions, she refrained from contesting the will, but that defendants have violated their agreement by causing the will to be probated and insisting on a settlement in accordance with its provisions rather than the provisions of the contract.

The defendants traversed the allegations of the petition, and affirmatively pleaded that, at the time of the destruction of the will, its content was not known to all the devisees, and that same was done in ignorance

through mistake and without an understanding upon their part as to its contents; that the contract was illegal, against public policy, null and void, and wholly without consideration to support it.

In the paragraph pleading the invalidity of the contract, among other things it is alleged:

"Defendants further aver that said agreement was not made for any reason except that the officers of the Bank of Allensville realized that they had made a mistake in destroying said will, and they requested defendants to sign said alleged contract and agreement, and that they did sign, not knowing what it contained, or what was in the agreement, but it was done in ignorance, without an understanding of their rights and without consideration and merely done at the request of one of the officers of the Bank of Allensville, and long after the said will had been actually destroyed."

They further set up the proceedings and judgment of probate in the county court and alleged that the judgment was in full force and effect and had never been appealed from.

By reply denying the affirmative allegations of the petition, the issues were completed. A demurrer to the answer was carried back and sustained as to the petition. Demurrer was also sustained to the petition as amended, and, plaintiff declining to further plead, the petition was dismissed, and plaintiff is prosecuting this appeal.

It is first argued by counsel for appellees that the contract entered into between the parties to this action by which they each would share equally in the estate is void because it provided for the destruction of the will in direct violation of section 1226, Kentucky Statutes, and also because such agreement is contrary to public policy. That section does provide a severe penalty for the fraudulent destruction of a will, but, without going into the propriety of this agreement, in so far as it provided that the will be destroyed, it is apparent that none of the parties were actuated by fraudulent motives since they were the only parties in interest, and, so far as the pleading discloses, they all stood on an equal footing as to knowledge of the contents of the will if in fact they did not possess that knowledge at the

time. It is not made to appear that any one of them took undue advantage of the others. While there is a reference in the contract to the destruction of the will, it is manifest that the sole purpose of the writing was to effect an agreement whereby, in the absence of a provision or provisions in the will making equal distribution of the testator's estate, it would be disregarded and the estate distributed between the parties in interest as in cases of intestacy. These parties had a right to enter into such agreement without regard to whether the will was probated. They were the only parties in interest except the creditors, whose rights were in no way impaired, since they would be paid whether the estate was distributed under the will or in accordance with the statute of descent and distribution.

Notwithstanding the salutary purpose of the statute and the evils it was intended to circumvent, it is apparent that it was never intended to, and should not be allowed to, operate to invalidate a contract in the circumstances shown here. Appellees do not assume an enviable position in urging this statute against their sister in an attempted avoidance of their contract when in the light of the quoted portion of their answer it is made to appear that the will was actually destroyed by third parties long before the agreement was made.

It is next urged that the contract is entirely without consideration, and therefore cannot be enforced.

In the case of Trimble v. Donahey, 96 Wash. 677, 165 P. 1051, it was held that an agreement between heirs that a will making one of them sole devisee should not be probated but should be treated as destroyed was binding and enforceable; and in Cole v. Cole, 292 Ill. 154, 126 N. E. 752, 757, 38 A. L. R. 719, it is said:

"It cannot be doubted that, if it lies in the power of the contracting parties to control all interests given under the will, then such parties have power to supersede the will by a contract that the property shall be treated as intestate property and partitioned as such."

In the foregoing and in many other cases of like tenor it is pointed out that courts look with favor on the settlement of disputes and controversies among members of families by such agreements rather than by resort to litigation. In many of these cases, how-

ever, it appears that proceedings had been instituted to set aside the will, and it was held that the agreement to forego litigation with its incident cost and delay was sufficient consideration to support a contract between the heirs to disregard the will and to distribute the estate in the manner provided in the contract. As a matter of course, each of these opinions was rested on the particular facts of the case, and it does not follow that, because a contest was pending and the court held that sufficient consideration for an agreement among the heirs for distribution contrary to the provisions of the will, a contract will be invalid for want of consideration, in the absence of contest proceedings. In fact, contracts of this character have been upheld when no proceedings had been instituted to set aside the will.

In Parker v. Broadus et al., 128 Miss. 699, 91 So. 394, 395, the testator left his estate to two sons to the exclusion of his other children and attached to the will was a letter to the executor named in the will setting forth the reasons for this discrimination. After the death of testator, the beneficiaries named in the will and his other children entered into an agreement renouncing the provisions of the will and providing that the estate should be equally divided between the children, and it does not appear that there were any contest proceedings pending.

In upholding the contract, the court in the course of the opinion said:

"It is true the testator has a right to dispose of his property in the manner that he did dispose of it and to make such disposition not prohibited by law as may suit his purpose. It is equally true, however, that he cannot compel the beneficiaries in his will to accept the will or the property thereunder devised and they have the right to renounce the will where it contains no trust or other limitation upon the property devised or bequeathed by the will, and when a will is renounced the effect of the renunciation relates back to the time the will became effective so as to make it void where, as in this case, the property is devised unconditionally and absolutely to the beneficiaries."

The opinion, after referring to conflict of authority on the subject, quotes with approval from 20 R. C. L. 357, sec. 359, the following:

112

"Though in some jurisdictions an agreement to dispense with the probate of a will has been declared to be against public policy and void, in a majority of the decisions on the point it has been held that all the persons interested in a decedent's estate may by agreement divide the estate among themselves, without probating such decedent's will or administering the estate, and the validity of a contract having for its sole purpose the disposition of property in a manner different from that proposed by testator, even where the contract contemplates the rejection of the will when offered for probate, or its setting aside when admitted to probate, when it is entirely free from fraud, and is made by all the parties in interest, would seem to be freely conceded. Thus it has been held that all the parties in interest may agree to eliminate from a will a clause providing for survivorship among them."

Without further citation, it may be said that the decided weight of authority indicates the validity of the contract, and in the light of these authorities and the circumstances we are constrained to hold that the contract in question is not without sufficient consideration.

Wherefore the judgment is reversed, with directions to overrule the demurrer to the petition and for proceedings in conformity with this opinion.