### CHAMBERS et al. v. SAVAGE.

No. 28587.    May 16, 1939.

Rehearing Denied June 13, 1939.

Chas. R. Gray, W. N. Palmer, and G. K. Sutherland, for plaintiffs in error.

L. A. Justus, Jr., for defendant in error.

OSBORN, J.  This action was instituted in the district court of Osage county by Lucinda West Chambers and Betty Louise Shaffner and Imogene Shaffner, minors, by their father and next friend, Leonard Shaffner, and by their guardian ad litem, G. K. Sutherland, hereinafter referred to as plaintiffs, against Sophia West Savage, hereinafter referred to as defendant, for the purpose of enforcing an oral agreement relating to division of the estate of Charles West, deceased. The trial court sustained a demurrer to plaintiffs' amended petition, and they have perfected an appeal to this court.

The plaintiff Lucinda West Chambers is the daughter of Charles West, the deceased, and Betty Louise Shaffner and Imogene Shaffner are grandchildren of the deceased. Sophia West Savage was formerly the surviving widow of the deceased.

The allegations of the petition, in substance, are that Charles West was a full-blood restricted member of the Osage Tribe of Indians and was allotted opposite No. 152; that he died on December 25, 1933, leaving an instrument purporting to be a last will and testament, which instrument was approved by the Secretary of the Interior on June 26, 1935, and was admitted to probate by the county court of Osage county; that plaintiffs contested the admission of said will to probate in the county court and from an adverse decision appealed to the district court of Osage county. From a decision of said court admitting the will to probate and affirming the county court, an appeal was perfected to this court (the cause was docketed under No. 27353), where the cause is now pending. It is further alleged that by the terms of the purported will of deceased the defendant was made almost the sole beneficiary; that only small bequests were made to each of the plaintiffs. It is alleged that the estate consisted of real estate, certain headright interests which were income payable to decedent as a member of the Osage Tribe of Indians from the accruals to said tribe in the way of oil, rentals, bonuses, and royalties, and certain cash in the hands of the Superintendent of the Osage Agency.

It is further alleged that at various times during the pendency of the litigation regarding the admission of the will to probate, negotiations were had between the parties and their counsel concerning a settlement of said contest over the admission of the will to probate, which negotiations culminated in a complete agreement of settlement; that plaintiffs caused the terms of said agreement to be reduced to writing and submitted said writing to defendant and her attorneys and that defendant failed and

refused to carry out the terms of said agreement and refused to sign the written stipulation of settlement. The agreement prepared by plaintiffs' counsel is attached to the amended petition and includes the various provisions for the division of the estate which plaintiffs allege had been orally agreed to by defendant.

By the terms of the purported settlement agreement Lucinda West Chambers was to receive a quarter section of land, one-third of all cash and securities belonging to the estate of Charles West, subject to certain deductions therein specified, and one-third of the headrights owned by Charles West at the time of his death. Betty Louise Shaffner and Imogene Shaffner were to receive undivided interests in certain real property and $2,000 in cash. The purported settlement agreement further provided that all of the parties were to make application to this court to have remanded to the district court the cause now pending herein, relating to the contest of the will, "for the purpose of carrying out this stipulation and agreement."

It is alleged in the petition that it was the intention of the parties to the purported agreement and settlement that the same should be carried out by decree of court and that the title to the lands and headright interests should be vested by decree of court. It is further alleged that the oral settlement agreement was approved by the county court of Osage county, on March 4, 1938. The prayer of the plaintiffs' amended petition is as follows:

"Wherefore, each of the plantiffs pray that the defendant be required to carry out the agreement which has been made; and that it be adjudged and decreed that it was the intention of the parties that said agreement be carried out by decree of court and that each of the plaintiffs be adjudged and decreed to have inherited from said Charles West, deceased, that portion of the estate of said decedent which under the terms of said agreement they did inherit; and that it be adjudged and decreed by this court that said settlement was made as agreed to by said parties; and that the judgment herein be used to cause said decree of heirship to be entered as agreed to by the parties, and for such other and further relief as to the court may seem just and equitable."

The trial court sustained a demurrer to the petition on the ground that the purported agreement for distribution of the estate was within the statute of frauds and, being oral and not in writing, was invalid and nonenforceable. The statute of frauds, section 9455, O. S. 1931 (15 Okla. St. Ann. sec. 136), provides, in part, as follows:

"The following contracts are invalid, unless the same, or some note or memorandum thereof, be in writing and subscribed by the party to be charged, or by his agent: * * *

"4. An agreement for the sale of goods, chattels, or things in action, at a price not less than fifty dollars, unless the buyer accept or receive part of such goods and chattels, or the evidence or some of them, of such things in action, or pay at the same time some part of the purchase money; ***

"5. An agreement for the leasing for a longer period than one year, or for the sale of real property, or of an interest therein; and such agreement, if made by an agent of the party sought to be charged, is invalid, unless the authority of the agent be in writing, subscribed by the party sought to be charged."

Section 9661, O. S. 1931 (16 Okla. St. Ann. sec. 4), relating to conveyances of real estate, provides as follows:

"No deed, mortgage or other conveyance relating to real estate or any interest therein, other than for a lease for a period not to exceed one year, shall be valid until reduced to writing and subscribed by the grantors; and no deed, mortgage or contract relating to the homestead exempt by law, except a lease for a period not exceeding one year, shall be valid unless in writing and subscribed by both husband and wife, where both are living and not divorced, or legally separated except to the extent hereinafter provided."

Plaintiffs contend that the statute of frauds and the statute relating to conveyances of real estate have no application to the issues involved herein; that this is an action to enforce a settlement or compromise of pending litigation; that it is the universal rule that the law looks with favor on family compromises or agreements for the settlement of estates, and said agreements, if free from fraud, are upheld and enforced by courts. See Annotations 6 A. L. R. 555; 38 A. L. R. 759. As we view it, that principle is not controlling in this case. The question before this court is whether or not, under our statutes, such an agreement must be in writing to possess any force or validity.

In the case of Trimble v. Donahey (Wash.) 165 P. 1051, the Supreme Court of Washington was dealing with a state of facts quite similar to the facts involved herein.

In that case there was involved an oral agreement not to submit a will for probate.

The court held:

"Where the devisee after command by the testatrix to destroy the will had burned a piece of paper in her presence telling her that it was the will, an oral agreement between the devisee and another heir who was disinherited by the will, in which it was agreed that the will should not be presented for probate, but should be treated as destroyed in accordance with the express command and understanding of the testatrix, although not referring specifically to real estate, was void under the statute of frauds, since it would result in sustaining an oral contract for the transfer of real estate. which, under Rem. Code, sec. 1366, vested in the devisee on the death of testatrix."

In the case of Eckles v. Whitehead (Ark.) 119 S. W.2d 550, it was held:

"An oral family settlement of dispute over interest in land, if made, was unenforceable as being within the statute of frauds. Pope's Dig., sec. 6059."

In the case of Stahl v. Stevenson (Kan.) 171 P. 1164, it was pointed out that the word "sale" is doubtless broad enough to cover any agreement by which the passing of any interest in real estate is to be accomplished.

In determining whether or not the statute of frauds is applicable to the fact situation at hand in this case, we must give consideration to substance instead of form. Under the terms of the will involved herein, the defendant was vested with title and a right to possession of all of the real estate and practically all of the personal property. It is true that plaintiffs contend that the will is invalid, but that contention is entitled to no consideration in the instant case for the reason that reliance is placed wholly upon the alleged oral agreement of settlement, and so far as this case is concerned, any title taken by plaintiffs would be taken by virtue of such oral agreement, it being a part of said agreement that the contest of the will be abandoned. We are driven irresistibly to the conclusion that to follow the contentions of plaintiffs would be to hold that there may be a divestiture of title of the real and personal property involved herein by oral contract. We are further of the opinion that the word "sale," as used in the statute, is broad enough to cover a contract the effect of which is to divest the owner of title to his property. The oral contract involved herein is intended to effectuate that result. It is therefore within the statute of frauds and unenforceable.

The judgment is affirmed.

WELCH, V. C. J., and RILEY, CORN, GIBSON, HURST, and DAVISON, JJ., concur. BAYLESS, C. J., and DANNER, J., absent.