## JUSTICE v. JUSTICE et al.

Court of Appeals of Kentucky.
March 16, 1951.

P. B. Stratton, Pikeville, for appellant.

Hinton & Rice, and E. N. Venters, all of Pikeville, for appellees.

CLAY, Commissioner.

Appellant brought this action to set aside a written agreement entered into by her and the heirs at law of George Justice, involving the distribution of his property. The Chancellor refused to set aside the agreement, but granted her other requested relief.

George Justice died intestate in 1946. He was survived by appellant, his widow, and nine children, some of whom were the offspring of two former marriages. Shortly after his death appellant and the children entered into the written agreement here involved.

It recited that: the deceased left a personal estate of the gross value of $25,000 and a one-hundred acre tract of land; the widow was entitled to one-half the personalty and a dower interest in the real estate; the deceased had given written instructions that his entire estate be divided equally amongst his wife and his children. In consideration of the widow being given all the household goods, furniture, livestock and farm equipment, and in consideration of the children conveying to her a life estate in all of the real property, she agreed to relinquish her rights to dower, homestead and one-half of the personal property. A conveyance was made by the children in accordance with this agreement.

Appellant contends: (1) she was overreached and defrauded because of ill health

and because she was not advised of her rights, and (2) the consideration was inadequate.

Appellant's evidence on the first point is to the effect that she had recently come from the hospital, was in ill health, and had been rushed into this settlement without understanding the nature of her rights and what she was giving up. The proof shows, however, that she was desirous of complying with the wishes of her husband expressed in a writing, found shortly after his death, which could not be probated as a will. This writing directed the type of division made by the agreement. There was substantial evidence she was fully aware of the size of her husband's estate. The lawyer who drafted the agreement testified he was representing all of the parties in a family settlement, and he made it plain to appellant that she did not have to abide by her husband's wishes, and that she was surrendering valuable rights.

We think there was ample evidence to justify the Chancellor's finding that the agreement was fairly entered into, and that the children did not take advantage of her. It is the policy of the law to look with favor on the settlement of such family matters. See Brakefield v. Baldwin, 249 Ky. 106, 60 S.W.2d 376.

On the question of consideration, it is apparent that because of the size of the personal estate, appellant on a dollar for dollar basis was giving up a lot more than she received. However, adequate legal consideration need not be an exact monetary quid pro quo.

The facts show appellant received a life estate in the hundred acre tract of land left by her husband instead of her dower interest for life in one-third of it. In addition to that, she was given all of the household goods and furnishings, and the livestock and farm equipment. The latter did not amount to a great deal,

but by virtue of the agreement she obtained more than the law allowed her.

Another matter of significance is that a question had arisen concerning the legitimacy of one of her children, and there was the possibility this child might not be entitled to share at all in her husband's estate. Whether this was true or not, the fact remains there was a controversy that was settled by the agreement.

Considering these factors, and the desire of all parties to carry out the wishes of the deceased as expressed by him in the writing referred to, the conclusion is inescapable that appellant received substantial benefits in return for her relinquishment of substantial rights. As before mentioned, the legal sufficiency of consideration does not depend upon the comparative economic value of one thing exchanged for another. See Forsythe v. Rexroat, 234 Ky. 173, 27 S.W.2d 695. We conclude the Chancellor did not err in refusing to set aside this agreement.

By cross-appeal appellees contend the Chancellor did err in returning to appellant eight $500 government bonds and giving her a widow's exemption of $750. The bonds were in the joint names of appellant and her husband. Title to them naturally passed to the survivor of the two. While appellees insist that appellant wanted these bonds to go into the estate, it is evident there must have been a misunderstanding concerning their ownership, and the agreement only related to the estate of her husband. In addition, she received no consideration for giving up her own property which was independent of the estate.

It also appears that in the agreement appellant did not relinquish her widow's exemption. Therefore, the Chancellor properly returned to her the bonds and allowed her $750, provided for by KRS 391.030.

The judgment is affirmed on both the original and the cross-appeals.