432

## RUCKEL v. BASTON et al.

Court of Appeals of Kentucky.
Oct. 31, 1952.

W. R. Jones, Fritz Krueger, Somerset, for appellant.

Gladstone Wesley, Somerset, for appellees.

MOREMEN, Justice.

Appellant, Harry Ruckel, filed petition in the circuit court by which he sought to enforce the terms of a contract which he had with appellees, Shelvy Baston and Ibbie Baston. The petition was amended several times. The court sustained a demurrer to the petition as amended. Appellant declined to plead further. The petition, as amended, was dismissed.

These facts are gathered from the pleadings. Luther Baston and Mabel Baston, husband and wife, were killed in an automobile wreck on November 24, 1950. Five days later, on November 29, at a time before any effort had been made to determine whether either spouse had survived the other, and when neither appellant nor appellees had information "as to whether Mabel I. Baston had survived Luther S. Baston or whether Luther S. Baston had survived Mabel I. Baston or whether they died simultaneously," they entered into a contract which is the subject matter of this case.

This contract identifies appellees as being the parents and sole heirs of Luther S. Baston; appellant as being the father and only heir of Mabel I. Baston, and reads in part:

"Whereas Luther S. Baston and Mabel I. Baston died simultaneously in an

automobile accident * * * and whereas these deceased parties were owners of a small farm near Pulaski together with stock, tools and other property, including an insurance policy containing a double indemnity clause on the life of Mabel I. Baston with Luther S. Baston as beneficiary and whereas these deceased parties' property was acquired by them jointly and wholly and alone by their own joint efforts.

"Now, therefore, it is mutually agreed by and between the parties to this agreement that all the property owned by these deceased parties above named will be sold as soon as possible and the proceeds therefrom, after the payment of all expenses, shall be equally divided, ½ to the parties of the first part and ½ to the party of the second part."

In the petition, as amended, it was alleged that when this instrument was executed, no party had a desire to establish a survivorship; that a bona fide claim existed in both parties, and the contract was executed for a valuable consideration, to-wit, each mutually surrendering a claim to the property of the decedents. Appellant prayed that the property be sold and the proceeds distributed in accordance with the terms of the contract.

We are informed by the briefs that the circuit court sustained the demurrer on the ground that the agreement was without consideration, and estates should descend in accordance with KRS 397.010, which reads:

"Where the title to property or the devolution thereof depends upon priority of death *and there is no sufficient evidence that the persons have died otherwise than simultaneously,* the property of each person shall be disposed of as if he had survived, except as provided otherwise in this chapter."

If this statute were applied in this case, Luther S. Baston's farm would have descended to the appellees, but under the terms of the agreement, Harry Ruckel, appellant, is entitled to ½ of the proceeds of the sale of the farm.

A determination of whether there was a consideration for the contract depends upon the meaning of the above-quoted statute. The statute does not say that when two persons die in a common disaster it will be presumed that they died simultaneously. It does not intimate that when two dead bodies are found at, or near, a scene of violence a presumption arises that prohibits inquiry into the real facts of the case. This statute pertains to cases where "there is no sufficient evidence that the persons have died otherwise than simultaneously".

Now, here, when the agreement was made, no party knew what the evidence might disclose. Each might have begun an arduous search for witnesses. Each might have employed physicians for the purpose of obtaining their specialized knowledge. They might have hired expensive experts or skilled criminologists to aid them in determining the fact of survivorship. And, after doing all these things, it would have been necessary to employ counsel to file suit; cause unpleasantness between those who once were friends and relatives by marriage, and, even then, neither side was sure of winning. If either lost the case—the work, the expense, and the strife would be wasted. It must be remembered that the amount here is not large.

On the other hand, the parties, by this settlement, traded a possibility for an actuality. Each gave up one and gained the other. Some benefit accrued to each, and each party suffered some detrimental effect because he lost the opportunity to gain a larger portion. We think the consideration was sufficient.

We are fortified in this conclusion by the fact that the law favors the distribution of decedents' property by agreement among the possible heirs. Justice v. Justice, Ky., 237 S.W.2d 866; Brakefield v. Baldwin, 249 Ky. 106, 60 S.W.2d 376. We have also held forbearance to prosecute a doubtful claim asserted in good faith will constitute adequate consideration. Murphy v. Henry, 311 Ky. 799, 225 S.W.2d 662.

It is argued by appellees that since the agreement was entered into a short time after the accident, this consti-

tutes bad faith. We believe this is a matter which should properly be pled in an answer and which, in the absence of any allegation in the petition concerning fraud, cannot be raised by a demurrer. In any event, we are not prepared to hold that the claim, which was compromised five days after the automobile accident, raises a presumption of fraud.

We are of opinion that the demurrer to the petition as amended should have been overruled and the judgment is therefore reversed.