Inez Mary RANNEY et al., Appellants,

v.

Conrad ZIMMERMAN et al., Appellees.

Court of Appeals of Kentucky.

Dec. 9, 1955.

J. W. Craft, C. A. Noble, Hazard, for appellants.

Grover C. Wilson, Hazard, for appellees.

MONTGOMERY, Judge.

The appellants, Inez Mary Ranney and Arlene Lillian Craft (formerly Taylor), filed this action against Conrad Zimmerman, John Griffin Green, George Fox Green, and Mine Service Company. They asked the court to construe the fourth paragraph of the will of Alice M. Green, deceased, so as to hold that a trust was created in their favor in the dividends from certain stock bequeathed by the decedent. In a well considered opinion, the Chancellor held adversely to appellants.

Alice M. Green, formerly of Perry County, Kentucky, died a resident of Miami, Florida, on August 15, 1938. She left three children, appellants here, and one son, John G. Green, now deceased. Her estate consisted principally of twenty-eight shares of common stock in Mine Service Company of Lothair, Kentucky.

After disposing of various items of personal property of small value, Alice M. Green, by the fourth paragraph of her will, provided:

"Fourth: At this time I also own twenty eight shares of stock in the Mine Service Company, Inc., of Lothair, Kentucky, of which company my son is President. This stock, together with stock held by my son, gives my son voting control of said Company, For this reason, I leave this stock in trust, with the voting power thereof perpetually to my said son, so long as my stock remains undivided or unsold, as hereinafter provided, and so long as the income from said stock is paid to my said daughters Inez May Ranney and Arlene Lillian Taylor equally share and share alike. If said stock is sold at any time by my said son which is in his own name on the books of said company and he shall at that time sell my stock, I direct that the remainder therefrom be divided equally among my said three children share and share alike to each child, his or her heirs and assigns. If either of my daughters desire to sell her share of the stock left by me before it shall be disposed of by my son, they shall have that privilege but first must offer said stock to my son John G. Green, giving him the right to purchase same at its reasonable worth according to the books of the company, or she may sell it to the other daughter with the understanding the peretual (sic) voting power shall remain in my son, but if after one year's offer to purchase said stock, my son or daughter refuses to purchase said stock or pay a reasonable sum or amount therefore according to the books of the company, then it shall be publicly offered for sale. However, it is understood that my said son shall not be forced to buy or my said daughters forced to sell their respective shares, unless they so desire to do, but the voting power of said stock until it is sold shall remain in my son, and the income from said stock, whatever it may be, shall be paid to my two daughters equally until it shall be sold."

The will was probated July 2, 1953, in Dade County, Florida. It was never probated in Kentucky, nor was there any ancillary administration.

At the time of their mother's death in 1938, the three children were all over twenty-one years of age, and by agreement between them, the will was not to be probated. They further agreed to sell, and did sell, one share of the stock in order to pay the burial expense, and divided the remaining twenty-seven shares, each receiving nine shares. The three children were the sole heirs at law and were the beneficiaries under the will. There was no indebtedness except the burial cost.

Subsequently, Inez Mary Ranney sold five of her shares to her brother and the other four shares to the Mine Service Company. Arlene Lillian Craft retained her nine shares and received all the dividends arising therefrom. By stock dividends and

divisions, each original nine shares increased to thirty-nine shares.

Prior to his mother's death, John G. Green had held a proxy for her stock in order that he might have voting control at the meetings of the company stockholders. Certain payments were made by him, by personal check, to his mother, purportedly as dividends upon her stock. After the division of the stock following her death, he continued to make periodic payments, by personal check, to his sisters, one-half being paid to each. These were designated as dividends from the stock received by him from his mother. These payments continued until shortly before his death.

John G. Green died on July 11, 1951, leaving a widow, two sons, John Griffin Green and George Fox Green, and a stepson, Conrad Zimmerman.

By his will, he bequeathed his stock in Mine Service Company to the three sons, appellees. Since his death, the sons have received all payments from the company by reason of the stock and have paid nothing to appellants.

By this action, appellants asked the court to hold that under the Alice M. Green will a trust was created in the dividends from the stock now representing the shares received by John G. Green from his mother's estate. They contend that the continued payments made by their brother were made pursuant to their oral agreement with him in which it was agreed not to probate their mother's will.

Appellees contend that the heirs at law divided and settled the estate by agreement and that any trust agreement that may have arisen, or had been created, was likewise terminated by agreement of the parties in interest, or by the death of John G. Green.

■■ In the absence of fraud, an agreement by all the heirs that a will be destroyed without probate and the estate be divided equally among them is supported by consideration and is valid. Brakefield v. Baldwin, 249 Ky. 106, 60 S.W.2d 376. Agreement of parties in a will contest to disregard the will, in whole or in part, and make a different distribution than that provided by the terms of the will has been held valid. Henry v. Spurlin, 277 Ky. 114, 125 S.W.2d 992; Strother v. Day, Ky., 279 S.W.2d 785. The law favors the distribution of decedent's property by agreement among the possible heirs. Justice v. Justice, Ky., 237 S.W.2d 866; Ruckel v. Baston, Ky., 252 S.W.2d 432.

■ The agreement not to probate the will of Alice M. Green and to divide equally her estate after payment of burial expense was a valid contract supported by consideration. Each of the heirs was of legal age, and there were no creditors involved. The burial expense was paid and the stock owned by the estate was equally divided. These things having been done, the estate must be considered settled. Assuming that a trust would have been created by the will, it could be terminated by agreement of all the parties in interest. 54 Am.Jur., Trusts, Section 70, page 75, and Section 74, et seq., page 77. Fidelity & Columbia Trust Co. v. Gwynn, 206 Ky. 823, 268 S.W. 537, 38 A.L.R. 937; First Nat. Bank & Trust Co. of Lexington v. Purcell, Ky., 244 S.W.2d 458. Further, if a trust be assumed to have been created, either from the will or by agreement, it would be personal and would have been terminated by the death of John G. Green, as trustee. 54 Am.Jur., Trusts, Section 83, page 82, and Section 292, page 232. Gathright's Trustee v. Gaut, 276 Ky. 562, 124 S.W.2d 782, 120 A.L.R. 1403.

Alice M. Green was vitally concerned that her son should be protected in the voting control of the stock of Mine Service Company. This is shown by her conduct prior to her death and by the provisions of her will. The testimony showed that on one occasion a former husband of Arlene Craft challenged the stock voting control of John G. Green in the company, but since 1937, Green had control without his mother's stock. Thus, at the time of her death,

and later when the stock was divided, the hazard about which his mother had been concerned had been removed.

Therefore, we conclude that the agreement between the children of Alice M. Green, deceased, was a valid contract to settle the estate and that any trust which might have been created was terminated by agreement or by the death of John G. Green.

Judgment affirmed.