### Kate SMITH'S EXECUTOR (Robert P. Minton), Appellant,

### v.

### Robert A. CRUSH et al., etc., Appellees.

Court of Appeals of Kentucky.

Nov. 2, 1956.

Henry T. Merritt, Van Meter Fishback, Louisville, for appellant.

Robert T. Burke, Jr., Louisville, for appellees.

WADDILL, Commissioner.

This action, filed in 1954 by the executor of the estate of Kate Smith against the executors, trustees and beneficiaries of the estate of Louise Smith, sought a declaration of rights of plaintiff's decedent under the will of Clarence R. Smith who died in May, 1934. By answer the defendants set up a contract between Kate and Louise Smith in bar of plaintiff's right to maintain the action. Issue was then joined on plaintiff's plea that the contract was obtained from Kate Smith without consideration and by fraud and undue influence.

Following an agreed submission of the case for trial upon the pleadings, exhibits and affidavits, judgment was entered dismissing the complaint on the grounds that: (1) Kate Smith and Louise Smith, bene-

ficiaries under the will of Clarence R. Smith, had executed a valid contract on September 7, 1934, construing the will of their benefactor, Clarence R. Smith, and that they and their successors in interest were bound by the terms of the contract; (2) plaintiff failed to sustain his allegations that the contract of September 7, 1934, was procured from Kate Smith without consideration and by fraud and undue influence; (3) plaintiff's decedent was guilty of laches; and, (4) plaintiff's claim to set aside the agreement of September 7, 1934, is barred by limitations.

Kate Smith's executor has appealed, urging that the court erred in its finding of fact and conclusions of law, because the evidence sustained the plea that the agreement of September 7, 1934, was obtained from plaintiff's decedent without consideration, and by fraud and undue influence.

Clarence Smith's will dated October 1, 1925, directed that the income from a $10,-000 trust and the income from certain real estate be paid to his sister, Kate Smith, during her lifetime, and the residue to his wife, Louise. His codicil dated January 26, 1934, reads:

"In case my wife, Louise C. Smith, expires before my sister, Kate Smith, I then bequeath all my property, personal and real, to my sister, Kate Smith, she to become executor without bond."

Following the probate of the will and codicil, the two beneficiaries entered into a written contract construing the will which reads in part as follows:

"Whereas, there may be some doubt as to the construction of said will and codicil as to the respective rights of the parties hereto as legatees thereunder, said second party having survived said testator.

"Now, in order to * * * construe said will and codicil and to determine the rights of the parties * * *, and in order to save the expense of a ju-

dicial construction * * *, by mutual agreement * * * and for a valuable consideration from each to the other, and in further consideration of the second party waiving her right to renounce said will and take her widow's share in the estate of said Clarence R. Smith, * * *, the parties * * * construe said will and the codicil * * * to devise the sum of $10,000 and the interest of said Clarence R. Smith in the real estate located at 1310–1312 Story Avenue, Louisville, Kentucky, in trust, the income therefrom to belong to first party during her life, and at her death the principal thereof to belong to second party in fee, and that all other property or estate of said Clarence R. Smith after the payment of his legal debts and costs of administration belongs to second party in fee, and

"For the considerations aforesaid, second party hereby quitclaims and releases to first party the income from said $10,000 and from said real estate at 1310–1312 Story Avenue, Louisville, Kentucky, during the life of said first party, and said first party hereby quitclaims and releases to second party any and all interest in the property and estate of said Clarence R. Smith, deceased, except the income aforesaid."

This contract was signed, acknowledged and recorded by Kate and Louise Smith on September 7, 1934, when Kate Smith was approximately 64 years of age and Louise Smith was about 50. For eighteen years thereafter these ladies lived together congenially in the home of Louise Smith, and abided by the terms of their contract. After the death of Louise Smith in March, 1952, Kate Smith not only continued to receive the benefits of the trust set up in her behalf in the contract, but in addition, received substantial property rights under the will of Louise Smith.

Although Kate Smith did not seek relief from her contract during her lifetime

which ended in 1954, nevertheless, it is now urged that the contract of September 7, 1934, was entirely without consideration, and therefore, it is voidable.

Family agreements, settlements, or arrangements providing for the distribution of a testator's estate in a manner or proportions other than provided by the will have been upheld by the courts in most jurisdictions. See, In re Noble's Estate, 141 Kan. 432, 41 P.2d 1021, 97 A.L.R. 463; also, annotation, at page 468.

This Court is in line with the majority rule, as we have specifically held that beneficiaries under a will have a right to agree among themselves upon a distribution of the estate contrary to the disposition made under the will. Brakefield v. Baldwin, 249 Ky. 106, 60 S.W.2d 376. However, some courts hold that such agreements will not ordinarily be given effect to defeat a trust or specific restriction placed upon the property in the will. Farwell v. Carpenter, 161 Iowa 257, 142 N.W. 227. Since the contract in question specifically retains the trust provision of the will, we are not concerned with that question here.

■ Concerning sufficiency of consideration for such agreements, it has been said that contracts between beneficiaries for a division of the property will be supported in equity without inquiry into the adequacy of the consideration on which they are founded. In re Noble's Estate, 141 Kan. 432, 41 P.2d 1021, 97 A.L.R. 463. A valid consideration has been held to exist in the agreement of all beneficiaries binding their respective interests where there is a surrender of rights under the will, or the relinquishment of other legal rights, or the avoidance of litigation and the effecting of a family compromise. Brakefield v. Baldwin, 249 Ky. 106, 60 S.W.2d 376; also, see, Snuffer v. Westbrook, 134 Kan. 793, 8 P.2d 950; Bottom v. Harris, 108 Kan. 7, 193 P. 1058; Trimble v. Donahey, 96 Wash. 677, 165 P. 1051; Cole v. Cole, 292 Ill. 154, 126 N.E. 752, 38 A.L.R. 719. Under these au-

thorities there was sufficient consideration to support the contract in the instant case.

■ There remains for consideration the contention that the contract was obtained from Kate Smith by fraud and undue influence. The evidence purporting to support those charges was contained in several affidavits, the competent portions of which were general assertions tending to show that Kate Smith was a meek person who was easily persuaded to follow the counseling of her mother and brother. When the evidence offered by plaintiff is given its full effect, it does not rise to the character of proof that is necessary to sustain the charge made. We conclude that the finding of fact and conclusions of law on all issues in this case were correct.

Judgment affirmed.