**Helen Daingerfield SMITH, Plaintiff,**

v.

**NATIONAL SAVINGS & TRUST CO.,
et al., Defendants.**

**Civ. A. No. 1910–63.**

United States District Court
District of Columbia.

Sept. 17, 1965.

James C. Toomey, Washington, D. C., for plaintiff.

Walter R. Gleason, Washington, D. C., for defendant National Savings and Trust Co.

Charles P. Hovis, Washington, D. C., guardian ad litem, for defendants Samuel H. Still, Jr., Donna K. Matthews, and William Matthews, Jr.

Millard F. Ottman, Jr., Washington, D. C., guardian ad litem, for defendants Nancy L. Greenhalgh, Carolyn D. Greenhalgh, John B. Greenhalgh, and Sharon H. B. Greenhalgh.

HOLTZOFF, District Judge.

This is an action by the settlor of a trust to revoke and cancel the trust. The matter comes before the Court on a motion by the plaintiff for summary judgment.

The trust named the settlor herself as the life tenant to receive the life income of the corpus. Upon the death of the settlor the property was to be distributed among her issue then living, *per stirpes* and not *per capita*. The plaintiff has two children, both of whom are adults and who have consented to the granting of the relief that the plaintiff prays. There are minor grandchildren, however, who have interests as contingent remaindermen, and their guardian *ad litem*, in the performance of his duty, contests this action, as does the trustee. Actually, however, the trustee is in a position of a stakeholder.

The plaintiff's deposition has been taken in her behalf. She testified that the purpose of the trust, created at the behest of her father, who was then alive, was to protect her property against dissipation on the part of her husband from whom she was later divorced. She was subjected to cross-examination. The deposition is one of the papers presented to the Court on this motion. Plaintiff's counsel seeks to show by the deposition that there is no material issue of fact as to what the purpose of the trust was.

No opposing papers, by way of affidavits or other similar documents, as provided by the recent amendment of Rule 56 of the Federal Rules of Civil Procedure, paragraph (e), have been submitted in behalf of the defendants. Consequently, they have not raised an issue of fact, as provided by Rule 56. The mere fact that they are unable to do so does not change the situation.

As a matter of law, it has been held time and time again that, if it ap-

pears that a trust has been created for a specific purpose and that this purpose has been fulfilled and accomplished, the trust may be terminated and cancelled.[1] Parol evidence is admissible to show the purpose for which any document was executed. Fox v. Johnson & Wimsatt, 75 U.S.App.D.C. 211, 217, 127 F.2d 729.[2]

 The guardian *ad litem* for the minors cites the case of Teachers Annuity & Aid Association v. Riggs National Bank, 108 U.S.App.D.C. 7, 278 F. 2d 452, as barring the revocation of the trust. There are statements in that case to the effect that a trust may not be modified or revoked unless the power to do so is reserved at the time the trust is created. A judicial opinion must, however, be read in connection with the facts to which it applies the rule that it invokes. In that case a trust was created for the benefit of individuals who had vested interests and who were living at the time that the creator of the trust attempted to modify it. They objected to the proposed modification. The trustee brought an action, in effect, for a declaratory judgment, and the Court held that under the circumstances the trust was not subject to revocation or modification. That case is distinguishable both on its facts and on principle. It did not present and did not pass upon the question whether, if a trust is created for a particular purpose and that purpose has been fulfilled, the settlor of the trust would have a right successfully to seek its revocation. This exception to the general doctrine of irrevocability of trusts was not involved.

In this case the vested remaindermen, as well as the life tenant, favor revocation of the trust. The only parties who are not in a position to consent

are contingent remaindermen, who are under age.

The Court reaches the conclusion, therefore, that since there is no genuine issue of fact shown within Rule 56 on the question as to what the purpose of the trust was and that the purpose has been fulfilled, the motion for summary judgment should be and is granted.

---

1. In re Cornils' Estate, 167 Iowa 196, 149 N.W. 65, L.R.A.1915E, 762, it was said: " * * * it is a well-established rule in equity that a trust will be canceled if the object for which it was created has ceased to exist." The following cases hold to the same effect: McNeer v. Patrick, 93 Neb. 746, 142 N.W. 283; Fidelity & Columbia Trust Co. v. Gwynn, 206 Ky. 823, 268 S.W. 537, 38 A.L.R. 937.

2. In Fidelity & Columbia Trust Co. v. Gwynn, supra, the Court sustained the admission of parol evidence to establish the purpose for which the trust was created.