## Haldeman's Trustee et al. v. Haldeman.

(Decided June 19, 1931.)

H. H. NETTLEROTH for appellants.

SHACKELFORD MILLER, JR., for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

On November 2, 1918, the appellee, Isabel Haldeman, created a voluntary trust in the amount of $150,000 for her own use and benefit for a period of ten years.

Col. Bennett H. Young was named the trustee in this trust agreement, but was later succeeded by the Louisville Trust Company of Louisville, Ky. On December 14, 1921, Miss Haldeman voluntarily executed a supplemental agreement with the Louisville Trust Company increasing the trust estate by $20,000 and changing the terms of it so that it was to be held in trust by said Louisville Trust Company ''and its successors during'' her life, ''with the right in her to dispose of the same by will''. It further provided that Miss Haldeman was to be allowed to have a sum of not less than $1,250 per month from the income and principal of the estate. The trust agreement recited that it was for the purpose of assuring the settlor a liberal and fixed income for her support and comfort. There was no reserved power of revocation in the trust agreement, and neither was there any provision forbidding its revocation. On November 17, 1930, the Louisville Trust Company closed its doors, and thereafter the appellant Fidelity & Columbia Trust Company of Louisville, Ky., was appointed its receiver.

At the time the Louisville Trust Company went into the hands of the receiver, Miss Haldeman had overdrawn her income account in the sum of $5,637.53, and the trustee had advanced to her on a demand loan the sum of $20,113.68; this demand loan being carried as an asset of the trust estate. The receiver, finding the trust estate in this condition, declined to pay any further income to Miss Haldeman until the income derived from the trust estate had liquidated the demand loan and the overdraft of the income account. As the trust estate was carried at this time in the principal sum of $131,063.18, which included the $20,000 demand loan of Miss Haldeman, it is apparent that it will be some time before the income will pay off this overdraft and demand loan. The only estate Miss Haldeman has outside this trust estate is the home in which she lives, together with its necessary furnishings. She has no source of income other than this trust estate. She is between 65 and 70 years of age, and has become indebted to various creditors for living expenses incurred since the cessation of her income from the trust estate. She, her trustee, and the receiver are all willing that the trust estate be terminated, providing it can lawfully be done. The chancellor found that it was for the best interest of Miss Haldeman that the trust estate be terminated, and as all parties in interest, Miss Haldeman, who was both settlor and sole beneficiary, the trustee and its receiver consented, he, on the authority

of Riedlin's Guardian v. Cobb, 222 Ky. 654, 1 S. W. (2d) 1071, terminated the trust. The finding of fact of the chancellor that it was to the best interest of Miss Haldeman that this trust be terminated is fully supported by the evidence, which being true, the Riedlin case fully authorized him to terminate the trust.

The judgment is affirmed.