Mary Martha PHILLIPS, Movant,

v.

Audrey D. LOWE, Respondent.

Supreme Court of Kentucky.

Oct. 12, 1982.

J.M. Collier, Elizabethtown, for movant.

Paul M. Lewis, Elizabethtown, for respondent.

STEPHENS, Justice.

The issue to be decided is whether a person who is both the settlor and sole beneficiary of an inter vivos trust may revoke the trust when the instrument specifically provides that the trust is irrevocable. We answer the question in the affirmative.

Movant, an elderly widow, was the beneficiary of two trusts created by her deceased husband. One of the trusts was revocable. Upon the respondent's advice, the movant revoked the trust and transferred the assets to a newly created trust in which the respondent was the designated trustee. The trust instrument drawn up by the respondent specifically provided that the trust was irrevocable.

Subsequent to the execution of the new trust, movant became dissatisfied with the amount of income she was receiving and filed suit in circuit court seeking termination of the trust. The trial court concluded that a settlor who is sole beneficiary of an irrevocable trust ought to have the right to revoke the trust. However, the court refused to revoke the trust on the basis that it was not in the best interest of the movant. In its findings of fact, the trial court determined that movant "... (w)as mentally competent when she contacted her attorney to seek revocation of said trust; however her mental and physical condition ... has detiorated to the extent that the plaintiff is now mentally incompetent...." The court premised its decision on its "finding" that the movant had become "mentally incompetent" during trial. The issue of movant's competency was neither litigated in the trial nor determined at a statutory competency hearing as required by KRS 202A.060. The Court of Appeals affirmed.

We need not consider the trial court's "finding" that movant was incompetent because the movant was competent when the suit was filed and because no formal statutory adjudication of competency was made. Rather, the proper focus is on the right of movant at the time the law suit to revoke the trust is filed.

The issue has not been decided in this jurisdiction. In *Fidelity and Columbia Trust Company v. Gwynn,* 206 Ky. 823, 268 S.W. 537 (1925), we specifically declined to decide the question because the case was decided on another issue.

Where the instrument was silent as to revocability, termination was permitted by the court in the best interest of the settlor who is the sole beneficiary. *Haldeman's Trustee v. Haldeman,* 239 Ky. 717, 40 S.W.2d 348 (1931). The standards applied in determining revocability are: 1) whether the object of the trust has been accomplished, 2) whether the termination of the trust will be advantageous to the beneficiaries and 3) whether all the interested parties have consented. *Fidelity and Columbia Trust Co. v. Williams,* 268 Ky. 671, 105 S.W.2d 814 (1937). These two cases have their genesis in *Coleman v. Fidelity Trust and Safety Vault Co.,* Ky., 91 S.W. 716 (1906) where we denied the right to terminate a trust because "There is no reason to disturb it, nor do we find any warrant in law for doing so ...."

The general rule in regard to a settlor who is sole beneficiary is that even in the absence of a reserved power of revocation, a settlor may revoke the trust when he is the sole beneficiary, with or without the consent of the trustee. 89 C.J.S., Trusts Sec. 88, p. 908 IV Scott on Trusts, Sec. 339 (3rd ed. 1967). We concur with the rationale supporting the rule as set out by Professor Bogert.

> If the settlor makes himself the sole beneficiary of a trust created by transfer, the question of termination is easy to solution, even though the settlor reserved no power to revoke or alter, or even expressly declared the trust to be irrevocable.... If the settlor demands that the trustee return the trust property to him and the trustee acquiesces, there will be no one having any standing to object to the ending of the trust. If the trustee refuses the settlor's request ... the court should and does order him to comply and thus to terminate the trust. It is true that this is not carrying out the intent which the settlor had when he created the trust.... *But that original intent ought*

*to be of no importance when the settlor has changed his mind and formed new plans with regard to the enjoyment of his property. His present intent should be carried out. The situation involves merely a change in an absolute property owner's desires as to methods of enjoying the assets which constitute the trust capitol.* Bogert's *The Law of Trusts and Trustees,* Sec. 1004, p. 523. (emphasis added.)

See also, Restatement (Second) of Trusts, Sec. 339 (1959). In essence, the corpus of the trust belongs to the settlor who is also the sole beneficiary. Assuming that she is not under an incapacity at the time she requests a change, the settlor-sole beneficiary's actions affect that which is hers alone.

The decision of the Court of Appeals is reversed and the case is remanded to the trial court with instructions to enter judgment in conformity with this opinion.

All concur.